IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

THE HUMANE SOCIETY OF THE UNITED )
STATES, a Delaware nonprofit corporation, )
                                            )
            Plaintiff,                 )    TC-MD 120686N
                                              )
          v.                        )
                                              )
DOUGLAS COUNTY ASSESSOR,    )
                                            )
           Defendant.          )    **DECISION**

This matter is before the court on the parties' Motions for Summary Judgment. Plaintiff appeals Defendant's denial of Plaintiff's Application for Real and Personal Property Tax Exemption (Application) under ORS 307.130 for properties identified as Accounts R70446 and R69746 (subject property) by Defendant for the 2011-12 and 2012-13 tax years. Plaintiff concedes the 2011-12 property tax year is not at issue in this matter. (Stip Facts at 1, ¶ 3.) Oral argument was held by telephone on December 10, 2012. Dan Eller, attorney at law, appeared on behalf of Plaintiff. Paul E. Meyer, Douglas County Counsel, appeared on behalf of Defendant.

## I.  STATEMENT OF FACTS

Plaintiff is a Delaware nonprofit corporation exempt from federal income taxation under section 501(c)(3) of the Internal Revenue Code (IRC). (Stip Facts at 1, ¶ 1; Ptf's Ex A at 38-39.) Plaintiff applied for property tax exemption for the subject property on February 29, 2012. (Stip Facts at 1, ¶ 3.) On April 12, 2012, Defendant denied Plaintiff's Application for "[f]ailure to meet the requirements per ORS 307.162." (Ptf's Ex 1.) Defendant asserts that denial of the application "also concern[ed] noncompliance with * * * OAR 150-307.130-(A)." (Def's Ans at 2.) OAR 150-307.130-(A)(1)(e) states that "[t]he organization's articles of incorporation or

/ / /

bylaws *must* require that its assets be used for charitable purposes when the organization dissolves." (Emphasis added.)

"The parties agree that Plaintiff's Organizational Documents [articles of incorporation and bylaws] do not include the dissolution clause as described in OAR 150-307.130-(A)(1)(e)." (Stip Facts at 2, ¶ 7.) "The parties further agree that Plaintiff satisfies all other provisions of ORS 307.162 and OAR 150-307.130-(A)." (*Id.*) Plaintiff argues that OAR 150-307.130-(A) sets forth a list of factors, rather than requirements, none of which are determinative when evaluating an application. (*See* Ptf's Obj to Def's Mot for Summ J and Separate Mot for Summ J (Ptf's Mot for Summ J) at 2.) Defendant counters that OAR 150-307.130-(A)(1)(e) *requires* a dissolution provision in Plaintiff's Organizational Documents in order to qualify for the exemption. (Def's Mot for Summ J at 2.) Defendant notes that, although subpart (3)(d) of the rule refers to "factors," subpart (1), including the provision regarding a dissolution clause, uses the term "must" suggesting the dissolution clause is a mandatory requirement. (*Id.* at 1-2.)

## II. ANALYSIS

The broad issue in this case is whether Plaintiff is a "charitable institution" entitled to property tax exemption for qualifying portions of the subject property under ORS 307.130.[1] ORS 307.130(2) provides, in pertinent part:

> "Upon compliance with ORS 307.162, the following property owned * * * by * * * incorporated * * * charitable * * * institutions shall be exempt from taxation:
>
> > "(a) Except as provided in ORS 748.414, only such real or personal property, or proportion thereof, as is actually and exclusively occupied or used in the * * * charitable * * * work carried on by such institutions."

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2011.

ORS 307.130(2) allows a property tax exemption only for *incorporated* charitable institutions. There is no dispute that Plaintiff is incorporated under Delaware law. (Stip Facts at 1, ¶ 1.) The Department of Revenue has promulgated an administrative rule, OAR 150-307.130-(A)(1), that reiterates the requirement that a charitable institution be "incorporated" and identifies additional requirements related to the organization of the charitable institution, including the following:

> "The organization's articles of incorporation or bylaws must require that its assets be used for charitable purposes when the organization dissolves."

OAR 150-307.130-(A)(1)(e). The parties agree that the narrow issue presented in this case is whether the absence, in Plaintiff's Organizational Documents, of a dissolution provision required by the administrative rule is a sufficient basis for denial of Plaintiff's application for property tax exemption. (*See* Stip Facts at 2, ¶ 8.)

The parties filed motions for summary judgment. The standard for summary judgment is provided by Tax Court Rule (TCR) 47,[2] which states in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

The court is guided by the principle that "[t]axation is the rule and exemption from taxation is the exception." *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev*. (*Dove Lewis*), 301 Or 423, 426, 723 P2d 320 (1986). Property tax exemption statutes are strictly but reasonably construed. *SW Oregon Pub. Def. Services v. Dept. of Rev.* (*SW Oregon*), 312 Or 82, 88-89, 817 P2d 1292 (1991). "Strict but reasonable construction does not require the court to give the narrowest

---

[2] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

possible meaning to an exemption statute. Rather, it requires an exemption statute be construed reasonably, giving due consideration to the ordinary meaning of the words of the statute and the legislative intent." *North Harbour Corp. v. Dept. of Rev*., 16 OTR 91, 95 (2002).

The Oregon Supreme Court "has construed the exemption statute many times over the years." *Young Men's Christian Assoc. of Columbia-Willamette v. Dept. of Rev.* (*YMCA-CW*), 308 Or 644, 651, 784 P2d 1086 (1989) (citations omitted). In *Methodist Homes, Inc. v. Tax Com.* (*Methodist Homes*), 226 Or 298, 311, 360 P2d 293 (1961), the Court stated:

> "[T]he absence of profit and the presence of funds and donations for charity use are among the two almost universally applied tests of charitable character and to the extent that the absence of either can overturn any claim to charitable exemption."

The Court in *SW Oregon*, 312 Or at 89, set forth a three-part test to determine whether an organization is a "charitable institution" within the meaning of ORS 307.130:

> "[T]here are three elements to qualifying as a 'charitable institution' under ORS 307.130: (1) the organization must have charity as its primary, if not sole, object; (2) the organization must be performing in a manner that furthers its charitable object; and (3) the organization's performance must involve a gift or giving."

In order to consolidate those and other "tests," the Department of Revenue promulgated OAR 150-307.130-(A), which includes the following purpose statement:

> "The purpose of [the] rule is to set forth, *as a guide for assessors*, those tests that are commonly applied by the Oregon courts in determining whether property qualifies for exemption under ORS 307.130. This rule does not include all of the principles that have been used by the courts. *The assessor must recognize that evaluation of an application for charitable exemption must be made on a case-by-case basis in light of the specific fact situation presented*."

(Emphasis added.) Noting that the rule is described "as a guide for assessors" and refers to "those tests that are commonly applied by the Oregon courts," Plaintiff argues that the rule is not intended to be a firm set of requirements, but rather factors weighed on a case-by-case basis.

In *YMCA-CW*, the Court considered a provision of the 1986 rule in comparison with prior decisions of the Court, lending some support to Plaintiff's proposed interpretation of the rule.

The provision of the 1986 rule at issue in *YMCA-CW* stated: "An important consideration shall be whether the activity of the incorporated charitable institution in some way lessens the normal burdens of government." 308 Or at 650, n1; *see also id. at* 656, n3. The Court noted that the provision of the 1986 rule "appear[ed] to go further than the decisions of this court[,]" citing *Dove Lewis*, 301 Or at 431, in which the Court stated: " '[F]ailure to relieve a government burden is not a mark against such an organization.' " *Id.* at 656, n3.

The court agrees with Plaintiff that the administrative rule, by its terms, operates "as a guide for assessors," and not necessarily for the court. The administrative rule sets out factors historically used by the courts to determine whether property qualifies for exemption under ORS 307.130. As noted above, the broad issue presented in this appeal is whether Plaintiff is a charitable institution entitled to property tax exemption for qualifying portions of the subject property under ORS 307.130. The court now turns to a consideration of the dissolution clause requirement in the administrative rule in its appropriate context of ORS 307.130 and prior decisions interpreting ORS 307.130.

In *Ackerman v. Physicians & Surgeons Hosp.* (*Ackerman*), 207 Or 646, 298 P2d 1026 (1956), the Court first "gave attention to the articles and bylaws of the corporation to ascertain what provisions, if any, had been made to dispose of its surplus assets on dissolution." *Methodist Homes*, 226 Or at 310 (citations omitted). In discussing *Ackerman*, the *Methodist Homes* Court noted that the taxpayer's articles of incorporation specifically provided that, upon dissolution, the members' contributions were to be repaid to them after the corporate debts. *Id.* at 316. The Court found that the members' contributions were "in a sense contingent charities or contingent debts." *Id.* The Court in *Methodist Homes* set forth seven "factors," including the

/ / /

dissolution provision, to be considered in determining the character of an organization, but held that not all "factors" must be present in order to qualify as a charitable institution. *See id* at 310.

In *Methodist Homes*, the taxpayer had failed to amend its bylaws or articles to include a dissolution provision ensuring that its "assets would be irrevocably transferred to some other nonprofit charitable organization and not inure to the benefit of any private person." 226 Or at 318. In the absence of a dissolution provision in the corporation's articles of incorporation or bylaws, the Court looked to the applicable statute, ORS 61.140 (1957), which required the division of assets upon dissolution " 'in accordance with the interest of each member according to his contribution to the assets of the corporation.' "[3] *Id.* at 317 (citation omitted). The Court observed:

> "Hence, any division of property made on dissolution would be in accordance with the contribution of each member to the assets of the corporation. As a result, and as said in the Ackerman case, supra, 'The donations of the members [here founders] are therefore in a sense contingent charities, or contingent debts of the hospital.' Much is thereby subtracted from petitioner's claim as a charity."

*Id.* at 318.

Looking back to its decision in *Methodist Homes*, the Court in *Friendsview Manor v. Tax Com.* (*Friendsview Manor*)*, 247 Or 94, 116, 420 P2d 77 (1966), observed:

---

[3] The Court in *Methodist Homes* added, in a footnote: "ORS 61.140 was repealed by Oregon Laws 1959, ch. 580, § 104, a comprehensive statute dealing with nonprofit corporations. Oregon Laws 1959, ch. 580, § 48, now codified as ORS 61.530(3), provides for the distribution of assets on the dissolution of corporations having the character of the petitioner and embodies the principles discussed and applied in *Wemme v. First Church of Christ*, *supra*, in essence requiring that such assets be transferred to 'organizations engaged in activities substantially similar to those of the dissolving corporation.' " 226 Or at 318, n2. Thus, the Court suggests that it may be appropriate to consider the distribution of assets required by statute in the absence of a dissolution clause. ORS 65.637(1)(f) states:

> "If the corporation is a public benefit or religious corporation, and the corporation has not provided in the corporation's articles or bylaws for distributing assets on dissolution, transferring, subject to any contractual or legal requirement, the corporation's assets to one or more persons described in ORS 65.001(37)(b) [*i.e.* a public benefit corporation] [.]"

Here, Plaintiff's Organizational Documents do not include a dissolution clause and it is unclear how Plaintiff's assets would be distributed upon dissolution. Plaintiff declined the opportunity to submit evidence on the distribution of its assets upon dissolution in absence of a dissolution clause. Plaintiff is incorporated in Delaware, not under ORS chapter 65. As a result, ORS 65.637(1)(f) does not apply to the distribution of Plaintiff's assets.

"The primary basis for rejecting the claim of a charitable purpose in the case of [*Methodist Homes*] was the fact that the charter of the nonprofit corporation provided upon dissolution for the distribution of the assets to the members of the association as contrasted with the requirement of statute that the assets be dedicated in perpetuity to charity."

Thus, the Court has repeatedly expressed concern when the distribution of assets upon dissolution will benefit private persons rather than furthering works of charity. In contrast to *Ackerman* and *Methodist Homes*, in which the taxpayers' articles required the disbursement of assets to members or founders upon dissolution, Plaintiff's Organizational documents include no provision requiring that assets be distributed to members, founders, or any other private person.

The absence of a dissolution clause in Plaintiff's Organizational Documents "subtract[s] from [Plaintiff's] claim as a charity." *Methodist Homes*, 226 Or at 318. Indeed, "[t]he articles and bylaws of a corporation are prima facie evidence of the character of the corporation." *Dove Lewis,* 301 Or at 427. However, the absence of a dissolution clause by itself is not conclusive evidence that an organization is not charitable. Other factors, as set forth by the courts, must be considered to determine whether Plaintiff is charitable. *See, e.g., SW Oregon*, 312 Or at 89 (setting forth a three-part test to determine whether an organization is a "charitable institution"); *Methodist Homes*, 226 Or at 309-10 (identifying seven factors, including the dissolution clause). Those factors combine to persuade the court that Plaintiff is a charitable institution entitled to property tax exemption for qualifying portions of the subject property under ORS 307.130 for the 2012-13 tax year.

### III. CONCLUSION

After careful consideration, the court concludes the absence of a dissolution clause as described in OAR 150-307.130-(A)(1)(e) is not fatal to Plaintiff's claim for a charitable property

/ / /

tax exemption under ORS 307.130.  As a result, Plaintiff's Motion for Summary Judgment is granted and Defendant's Motion for Summary Judgment is denied.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is granted and Defendant's Motion for Summary Judgment is denied.

Dated this ___ day of January 2013.

                                                 ALLISON R. BOOMER
                                                 MAGISTRATE

***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.***

***This Decision was signed by Magistrate Allison R. Boomer on January 17, 2013. The Court filed and entered this Decision on January 17, 2013.***